TRACY M. NOONAN, City Attorney (Bar #173027)
DAVID L. CACERES, Deputy City Attorney (Bar #197734)
City Attorney's Office
City of Simi Valley
2929 Tapo Canyon Road
Simi Valley, CA  93063
Telephone: (805) 583-6714
Facsimile: (805) 526-2489
Tnoonan@simivalley.org
Dcaceres@simivalley.org

DAVID L. NYE (Bar #67009)
JONATHAN D. MILLER (Bar #220848)
NYE, PEABODY, STIRLING, HALE & MILLER, LLP
33 West Mission St., Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385
david@nps-law.com
jonathan@nps-law.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH MUSTAIN, DAVID RAMOS,<br><br>    Plaintiffs<br><br>          v.<br><br>CITY OF SIMI VALLEY, CHIEF MIKE LEWIS, individually and as a peace officer, JAMES WISMAR, individually and as a peace officer, HILLARY BUCKLAND, individually and as a peace officer, JOSHUA LORENCZ, individually and as a peace officer, and DOES 1-10, inclusive.<br><br>    Defendants. | Case No.  CV 11-01612 GHK (SHx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. George King<br>Courtroom:  660 |

1
**STIPULATED PROTECTIVE ORDER**

1   Plaintiffs DEBORAH MUSTAIN and DAVID RAMOS  and Defendants
2   CITY OF SIMI VALLEY, CHIEF MIKE LEWIS, JAMES WISMAR, ,
3   HILLARY BUCKLAND, and JOSHUA LORENCZ by and through their
4   respective counsel of record, hereby stipulate and agree to the entry of a Stipulated
5   Protective Order as follows:
6   Discovery in this matter will necessarily involve discovery of peace
7   officer personnel records.   The parties to this lawsuit, recognizing the statutory and
8   constitutional rights to privacy that a peace officer has in his or her personnel
9   records, stipulate to abide by the terms and conditions of this Protective Order once
10  approved by the Court.
11  1.   The parties, in the production or disclosure of documents in this case, may
12  designate any document, thing, material, testimony or other information derived
13  therefrom <u>that includes protectable information from a peace officer's personnel
14  records</u> as "CONFIDENTIAL" under the terms of the Protective Order (collectively
15  referred to as "Confidential Documents").  Confidential Documents may include
16  those described in California Penal Code §832.7, and includes peace officer
17  personnel records and records maintained by the City of Simi Valley pursuant to
18  California Penal Code § 832.5 or information obtained from those records.  As
19  defined in Penal Code § 832.8, "personnel records" means any file maintained under
20  an individual peace officer's name by his or her employing agency and containing
21  records relating to any of the following:  (1) personal data, including marital status,
22  family members, education and employment history, home addresses, or similar
23  information; (2) medical history; (3) election of employee benefits; (4) employee
24  advancement, appraisal or discipline; (5) complaints or investigation of complaints
25  concerning an event or transaction in which he or she participated, or which he or
26  she perceived, and pertaining to the manner in which he or she performed his or her
27
28

duties; (6) any other information the disclosure of which would constitute an unwarranted invasion of personal privacy.

2. Confidential Documents do not include: (1) documents already lawfully in the possession of the party to whom the Confidential Document is being produced; or (2) documents available to the public.

3. Attorneys for the parties shall personally secure and maintain the Confidential Documents in their possession to the end that said Confidential Documents are to be used only for the purposes set forth below and for no other purpose.

4. The Confidential Documents shall be used only in preparation for this case, up to and including the completion of the judicial proceedings, including appeal.

5. Once the case proceeds to trial, documents that were designated as Confidential may be admitted as evidence at trial without regard to the provisions of the Protective Order, subject to any other available objections by any party. Anyone who wishes to have such documents treated as Confidential may renew their request before the trial judge.

6. By entering into this protective order, there is no waiver of any objections any party might have to the introduction of the Confidential Documents into evidence at the time of trial. In addition, the production of Confidential Documents by defendants pursuant to this Protective Order shall not constitute a waiver of any objections that defendants may have to the production of the Confidential Documents pursuant to the California Government Code, California Evidence Code, California Penal Code or other applicable state or federal authority.

7. Confidential Documents shall not be shown, produced or otherwise disseminated to any member of the public, counsel who are not counsel of record in this case, or the media.

8. Any Confidential Document, if filed with the court or if attached as an exhibit to a deposition or motion, shall be filed under seal after compliance with Local Rule 79-5.1 et seq. absent stipulation among the parties or court order with notice to all parties.  If the contents of Confidential Documents are referred to or discussed during a deposition, the portion of the deposition that discusses the Confidential Documents shall be treated as a protected document hereunder.

9. Dissemination of the Confidential Documents during the pending judicial proceedings shall be limited to the parties, counsel for the parties, the parties' witnesses during a deposition, staff of counsel, expert witnesses and the court.  A court reporter may also be provided with the Confidential Documents but where it has been attached to a deposition and then the protected document must be under seal and clearly marked as "Confidential -  Subject to Protective Order."

10. Prior to any disclosure of any Confidential Documents to any person referred in Paragraph 10, such person shall be provided by counsel with a copy of this Protective Order and shall in writing state that he or she has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed writing.

11. At the conclusion of the legal proceedings in this matter, each person who has received a copy of Confidential Documents (court personnel excluded) shall return all such Confidential Documents to the attorneys for the party who gave him/her the copy.  All copies of the Confidential Documents must then be returned to the party who produced the Confidential Documents at issue.

12. No electronic copy of any Confidential Document may be made.  If, in the future, an electronic copy of any Confidential Document is necessary for a court filing pursuant to electronic filing rules, the parties agree to meet and confer to discuss any appropriate exceptions or modifications to the Protective Order for that purpose.

13. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the Confidential Documents beyond the disclosure permitted under the terms and conditions of this Order.

14. Protected documents in this Order shall be clearly marked by means of a stamp indicating "Confidential Subject to Protective Order."

15. All designations of confidential material in this case must be made in good faith. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in *camera* review in extraordinary circumstances), may serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37.

16. Any party who violates this protective order may be subject to contempt and/or sanctions as the Court may deem appropriate upon notice and an opportunity to be heard (pursuant but not limited to FRCP 26 and/or FRCP 37).

**IT IS SO STIPULATED:**

DATED: May_____, 2012                    THE BECK LAW FIRM


                                         By: _____
                                              Thomas E. Beck
                                              Attorneys for Plaintiffs

```
 1   DATED:  May        , 2012         NYE, PEABODY, STIRLING, HALE
                                       & MILLER, LLP
 2
 3
 4                                     By: _____
                                             Jonathan D. Miller
 5
                                       Attorneys for Defendants
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

## Order

Good cause being found,

**IT IS SO ORDERED** that the above stipulation shall be in effect.

DATED: May 22, 2012    _____/s/ Stephen J. Hillman_____
                                   Honorable Stephen J. Hillman
                                   United States Magistrate Judge